**NOT PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1505
_____

UNITED STATES OF AMERICA

v.

CYNTHIA EVETTE BROWN
Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:13-cr-00176-005)
District Judge: Hon. Berle M. Schiller

_____

On Remand from the Supreme Court of the United States
June 12, 2017

Resubmitted on Parties' Supplemental Submissions Under Third Circuit I.O.P. 10.8.7
July 14, 2017

(Originally Submitted Under Third Circuit L.A.R. 34.1(a) on July 14, 2016)

BEFORE: FUENTES, SHWARTZ, and BARRY,[*] <u>Circuit Judges</u>

(Opinion Filed: August 9, 2017)

---

[*] The Honorable Maryanne Trump Barry assumed inactive status after the prior Panel opinion was filed. Under Third Circuit I.O.P. 10.8.7 and 12.1, this opinion is being filed by a quorum of the original Panel.

_____

OPINION[**]

_____

FUENTES, <u>Circuit Judge</u>

This case returns to us from the United States Supreme Court, which vacated part of our earlier judgment[1] and remanded for reconsideration in light of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). *Honeycutt* held that that under 21 U.S.C. § 853, which mandates forfeiture of proceeds derived from certain drug crimes, a defendant may not be held "jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire."[2] Writing for the unanimous Court, Justice Sotomayor explained that the structure and language of § 853(a) "limit[s] forfeiture under § 853 to tainted property[,] that is, property flowing from . . . or used in . . . the crime itself," and "defines forfeitable property solely in terms of personal possession or use."[3] As a result, only "tainted property acquired or used by the

[**] This disposition is not an opinion of the full Court and under Third Circuit I.O.P. 5.7 does not constitute binding precedent.

[1] Cynthia Brown's appeal was originally consolidated with that of co-conspirator Walter Alston Brown, Jr., in C.A. No. 15-1531. The Supreme Court's order vacating our prior judgment arose on a petition for certiorari sought by Cynthia, not Walter, and affected the judgment only on her side of the docket. Walter's petition for certiorari is currently pending (Supreme Court Docket No. 16-9747), and we are not privy to the arguments he raises. Accordingly, we have unconsolidated the two matters and write only with regard to Cynthia Brown's appeal. However, the District Court may, if it wishes, defer recalculating the forfeiture amount in this case pending the Supreme Court's disposition of Walter Brown's petition for certiorari and (if necessary) our opinion on remand.

[2] *Honeycutt*, 137 S. Ct. at 1630.

[3] *Id.* at 1632.

defendant" is subject to § 853(a) forfeiture, preventing the imposition of joint and several liability reaching untainted property as well.[4]

Although this criminal appeal had nothing to do with drugs—appellant Cynthia Brown was charged and convicted for her part in a complex mortgage-fraud scheme—the reasoning of *Honeycutt* applies here, too. The District Court entered a "Forfeiture Money Judgment" against Brown in the amount of $7,418,303, for which she was deemed "jointly and severally liable."[5] At least one of the statutes under which forfeiture was ordered, 18 U.S.C. § 982(a)(2) ("Criminal forfeiture"),[6] shares several features with 21 U.S.C. § 853, such as a reach limited to property "constituting" or "derived from" proceeds obtained "directly or indirectly" from the crime.[7] Thus, like § 853, § 982(a)(2) applies to tainted property only.[8] The statute's use of "obtained," meanwhile, suggests that the scope of forfeiture is "define[d] . . . solely in terms of personal possession or use," and the adverbs "directly" and "indirectly" do not "negate th[at] requirement."[9]

---

[4] *Id.* at 1633.

[5] JA 4a.

[6] In their supplemental letter briefs filed after remand, the parties cite different forfeiture provisions. Brown says that the forfeiture was ordered under § 982(a)(2). *See* Brown Supp. Br. 2. The Government cites instead the neighboring civil forfeiture statute, § 981(a)(1)(C). *See* Gov't Supp. Br. 3. The confusion appears to arise because the counts of conviction, taken in total, could trigger forfeiture under either statute. Further, both forfeiture statutes are cited in the forfeiture money judgment and the indictment. *See* JA 3a–5a, 168a–69a. Without passing on whether the reliance on § 981 was indeed "surplusage," as Brown previously argued, *see* Brown Br. 51 n.32, we focus on § 982, which better parallels § 853 and is adequate to support our disposition.

[7] *Compare* 21 U.S.C. § 853(a)(1), *with* 18 U.S.C. § 982(a)(2).

[8] *See Honeycutt*, 137 S. Ct. at 1632.

[9] *Id.* at 1632–33.

Accordingly, we have no trouble concluding that *Honeycutt* applies with equal force to § 982(a), and that the imposition of joint and several liability in the forfeiture money judgment was an error requiring remand to correct.

Up until this point, both Brown and the Government agree. They diverge, however, on the scope of the remand ordered. The Government says it should be limited to forfeiture only, while Brown argues in favor of a discretionary *de novo* resentencing.

We disagree with Brown that *de novo* resentencing is warranted here. The myriad authorities upon which she relies are inapposite. For instance, none of the counts of conviction has been invalidated, and the forfeiture judgment was not otherwise intertwined with any of the other penalties imposed. We note also that the one court to have addressed *Honeycutt* error in a precedential opinion issued a remand limited to resentencing on forfeiture liability.[10]

For the above reasons, and in light of *Honeycutt*, we will vacate the District Court's judgment of sentence in part and remand for resentencing for the sole purpose of determining the appropriate forfeiture amount. When an amended judgment is entered by the District Court, it should also reflect the deduction of the erroneous, excess $69,776 restitution that we addressed in our earlier opinion in this case.[11] The District Court's judgment is otherwise affirmed for the reasons set forth in our original opinion.

---

[10] *See United States v. Pickel*, No. 16-3041, ___ F.3d ___, 2017 WL 3028502, at *14–15 (10th Cir. July 18, 2017).

[11] *See United States v. Brown*, 661 F. App'x 190, 195 (3d Cir. 2016).