**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1531
_____

UNITED STATES OF AMERICA

v.

WALTER ALSTON BROWN, JR.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:13-cr-00176-004)
District Judge: Hon. Berle M. Schiller

_____

On Remand from the Supreme Court of the United States
November 27, 2017

(Originally Submitted Under Third Circuit L.A.R. 34.1(a) on July 14, 2016)

BEFORE: FUENTES,[*] SHWARTZ, and BARRY,[**] Circuit Judges

(Opinion Filed:  March 5, 2018)
_____

---

[*] The Honorable Julio M. Fuentes assumed senior status on July 18, 2016.
[**] The Honorable Maryanne Trump Barry assumed inactive status after the prior Panel opinion was filed. Under Third Circuit I.O.P. 10.8.7 and 12.1, this opinion on remand is being filed by a quorum of the original Panel.

OPINION[***]
_____

FUENTES, Circuit Judge

This case returns to us from the United States Supreme Court, which vacated part of our earlier judgment[1] and remanded for reconsideration in light of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). *Honeycutt* held that that under 21 U.S.C. § 853, which mandates forfeiture of proceeds derived from certain drug crimes, a defendant may not be held "jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire."[2] Writing for the unanimous Court, Justice Sotomayor explained that the structure and language of § 853(a) "limit[s] forfeiture under § 853 to tainted property[,] that is, property flowing from . . . or used in . . . the crime itself," and "defines forfeitable property solely in terms of personal possession or use."[3] As a result, only "tainted property acquired or used by the defendant" is subject to § 853(a) forfeiture, preventing the imposition of joint and several liability reaching untainted property as well.[4]

---

[***] This disposition is not an opinion of the full Court and under Third Circuit I.O.P. 5.7 does not constitute binding precedent.

[1] Walter Alston Brown, Jr.'s appeal was originally consolidated with that of co-conspirator Cynthia Evette Brown, in C.A. No. 15-1505.  We vacated in part the judgment of the District Court as to Cynthia Brown in *United States v. Brown*, 694 F. App'x 57 (3d Cir. 2017).
[2] *Honeycutt*, 137 S. Ct. at 1630.
[3] *Id.* at 1632.
[4] *Id.* at 1633.

2

For the same reasons discussed in our decision on remand of his co-conspirator's appeal,[5] the reasoning of *Honeycutt* applies here to the case of Walter Brown, Jr. The District Court entered a "Forfeiture Money Judgment" against Brown in the amount of $7,213,123, for which he was deemed "jointly and severally liable."[6] At least one of the statutes under which forfeiture was ordered, 18 U.S.C. § 982(a)(2) ("Criminal forfeiture"), shares several features with 21 U.S.C. § 853, such as a reach limited to property "constituting" or "derived from" proceeds obtained "directly or indirectly" from the crime.[7] Thus, like § 853, § 982(a)(2) applies to tainted property only.[8] The statute's use of "obtained," meanwhile, suggests that the scope of forfeiture is "define[d] . . . solely in terms of personal possession or use," and the adverbs "directly" and "indirectly" do not "negate th[at] requirement."[9] Accordingly, we conclude that *Honeycutt* applies with equal force to § 982(a), and that the imposition of joint and several liability in the forfeiture money judgment was an error which requires remand to correct.

For the above reasons, and in light of *Honeycutt*, we will vacate the District Court's judgment of sentence in part and remand for resentencing for the sole purpose of determining the appropriate forfeiture amount. The District Court's judgment is otherwise affirmed for the reasons set forth in our original opinion.

---

[5] *See United States v. Brown,* 694 F. App'x 57 (3d Cir. 2017).
[6] JA 6a–7a.
[7] *Compare* 21 U.S.C. § 853(a)(1), *with* 18 U.S.C. § 982(a)(2).
[8] *See Honeycutt,* 137 S. Ct. at 1632.
[9] *Id.* at 1632–33.