**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4768**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENE CHITTENDEN,

Defendant – Appellant.

---

**No. 14-4828**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENE CHITTENDEN,

Defendant – Appellant.

---

**No. 15-4226**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENE CHITTENDEN,

> Defendant – Appellant.

---

**No. 15-4659**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

LORENE CHITTENDEN,

> Defendant – Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 17-5100)

---

Decided on Remand:  July 25, 2018

---

Before GREGORY, Chief Judge, KEENAN, and FLOYD, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Keenan and Judge Floyd joined.

---

Joseph Ray Pope, WILLIAMS MULLEN, Richmond, Virginia, for Appellant.  Christopher John Catizone, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

GREGORY, Chief Judge:

Lorene Chittenden was convicted of bank fraud and conspiracy to commit bank and mail fraud for her role in a fraudulent mortgage scheme. Although Chittenden received only $231,000 in proceeds from these crimes, the district court ordered her to forfeit over $1 million to cover proceeds that her co-conspirators had received and dissipated. In *United States v. Chittenden*, 848 F.3d 188 (4th Cir. 2017), we affirmed Chittenden's conviction and sentence. The Supreme Court later decided *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), vacated our original decision in this case, and remanded for us to reconsider our holding in light of *Honeycutt*. *Chittenden v. United States*, 138 S. Ct. 447, 447–48 (2017) (mem.). For the reasons below, we now vacate the district court's forfeiture orders and remand for further proceedings. All other aspects of the district court's judgment are reaffirmed.

I.

In 2013, a federal grand jury indicted Lorene Chittenden for originating and submitting fraudulent mortgage loan applications.[1] At the government's request, the district court restrained nearly all of Chittenden's assets pending the outcome of the charges. After a seven-day trial, a jury convicted Chittenden of one count of conspiracy to commit bank and mail fraud, under 18 U.S.C. § 1349, and ten counts of bank fraud, under 18 U.S.C. § 1344. The evidence showed that Chittenden, a loan officer at George Mason

---

[1] We recount only the facts and procedural history relevant to the issues on remand. A complete summary is available in our original opinion. *See* 848 F.3d at 192–94.

Mortgage, earned hundreds of thousands of dollars in loan commissions by falsely inflating the incomes of unknowing, first-time homebuyers. Higher stated incomes resulted in larger loans, and because each commission was a percentage of the loan, larger loans generally meant higher loan commissions. Chittenden worked in concert with numerous realtors who received hefty real estate commissions by selling houses to her clients. Similar to the loan commissions, each real estate commission was a percentage of the house's sale price such that higher sale prices resulted in greater profits for the realtors.

Post-trial, the district court entered a forfeiture order under 18 U.S.C. § 982(a)(2), pursuant to the procedures in 21 U.S.C. § 853.[2] The order consisted of a $1,513,378.82 money judgment "representing the foreseeable proceeds of the offenses of which the defendant has been found guilty." J.A. 1967. The court noted that Chittenden personally had received only $231,000 in fraudulent loan commissions and that none of Chittenden's restrained assets were proceeds traceable to the fraud—indeed, the government had

---

[2] *See United States v. Cox*, 575 F.3d 352, 355 n.2 (4th Cir. 2009) ("Section 982, which authorizes criminal forfeiture in cases of bank fraud, incorporates the procedures set forth in § 853."). Although the forfeiture order cited two additional statutes—18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461—those provisions do not apply in this case. The first, § 981(a)(1)(C), authorizes civil forfeiture for enumerated offenses, including bank fraud and conspiracy to commit bank fraud. The second, § 2461, authorizes criminal forfeiture for any offense that gives rise to civil forfeiture, including those enumerated in § 981. *See United States v. Chamberlain*, 868 F.3d 290, 293 n.2 (4th Cir. 2017). But § 2461, and by extension § 981, does not apply when a criminal forfeiture provision applies to the crime charged. *See United States v. Blackman*, 746 F.3d 137, 142–43 (4th Cir. 2014). Here, a criminal forfeiture provision does apply to the crimes charged: 18 U.S.C. § 982(a)(2) provides that the court "shall order" forfeiture when imposing a sentence on a person convicted of certain crimes affecting a financial institution, including bank fraud, conspiracy to commit bank fraud, and conspiracy to commit mail fraud—the offenses listed in Chittenden's judgment of conviction. Accordingly, 18 U.S.C. § 982(a)(2), not 28 U.S.C. § 2461 and 18 U.S.C. § 981, served as the basis for the district court's forfeiture order.

stipulated as much. But, relying on our decision in *United States v. McHan*, 101 F.3d 1027 (4th Cir. 1996), the court concluded that Chittenden was jointly and severally liable for the reasonably foreseeable proceeds of the conspiracy.

Thereafter, because the government had not recovered any proceeds from Chittenden's co-conspirators, it moved for forfeiture of Chittenden's untainted, restrained assets to satisfy the entire $1,513,378.82 money judgment. Under 21 U.S.C. § 853(p), a court "shall order the forfeiture of any [untainted] property of the defendant" when, "as a result of any act or omission of the defendant," the proceeds of the underlying crime have been placed beyond the court's reach. The district court found that Chittenden's co-conspirators had dissipated, comingled, or transferred their respective proceeds such that the government was unable to locate or seize them. Relying on *McHan* again, the court determined that § 853(p) required forfeiture of Chittenden's untainted assets as a substitute for her co-conspirators' proceeds that the government could not recover. However, the court found that the government had failed to prove that $250,000 of co-conspirator proceeds and all $231,000 of Chittenden's proceeds were in fact out of reach. Accordingly, the court entered a second order reducing the amount of untainted assets the government could take from $1,513,378.82 to $1,032,378.82.

Chittenden appealed to this Court, challenging the initial seizure of her assets, the validity of her conviction, and the forfeiture orders. *See Chittenden*, 848 F.3d at 192. Specifically, she argued that the government's pretrial seizure of her assets violated her Sixth Amendment right to counsel, that the government failed to present sufficient evidence to support her convictions, that the district court erred in admitting certain hearsay

5

evidence, that the government constructively amended the indictment, that the district court lacked jurisdiction to enter the forfeiture order, and that the district court improperly ordered forfeiture of her untainted assets based on her co-conspirators' acts of dissipating the conspiracy proceeds. *Id.* at 194–204. We rejected each of these arguments and affirmed the district court's judgment. *Id.* Chittenden petitioned the Supreme Court for review.

Following our decision, the Supreme Court decided *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). The Court held that 21 U.S.C. § 853(a)(1)—which mandates forfeiture of proceeds from certain drug crimes—limits such forfeiture "to property the defendant himself actually acquired as the result of the crime." *Id.* at 1635. "[T]he statute does not countenance joint and several liability" for property the defendant's co-conspirators alone obtained. *Id.* at 1632–33. The Court also stated that when tainted property falls outside the government's reach, § 853(p) does "not authorize the Government to confiscate substitute property from other defendants or co-conspirators; it authorize[s] the Government to confiscate assets only from the defendant who initially acquired the property and who bears responsibility for its dissipation." *Id.* at 1634.

In light of this decision, the Supreme Court granted Chittenden's writ of certiorari, vacated our original judgment, and remanded the case to us for further consideration. *Chittenden v. United States*, 138 S. Ct. 447, 447–48 (2017) (mem.). We requested supplemental briefing on what impact, if any, *Honeycutt* has on this case. Having received the parties' briefs, we now answer that question.

6

II.

*Honeycutt* involved forfeiture under 21 U.S.C. § 853(a)(1), a provision of the Controlled Substances Act that mandates forfeiture for certain drug crimes. 137 S. Ct. at 1630. Here, the district court ordered forfeiture under 18 U.S.C. § 982(a)(2), a general criminal forfeiture statute that mandates forfeiture for a much broader range of crimes, including bank and mail fraud. The procedures for ordering forfeiture in both cases are the same—namely, those provided in 21 U.S.C. § 853(b)–(c) and (e)–(p). *See* 18 U.S.C. § 982(b)(1).[3] But the statutory authorizations, 21 U.S.C. § 853(a)(1) and 18 U.S.C. § 982(a)(2), clearly differ because they concern different crimes. Thus, our task is to determine whether *Honeycutt*'s holding regarding the former applies to the latter.

The Court in *Honeycutt* focused on the text of 21 U.S.C. § 853 to determine that § 853(a)(1) precludes co-conspirator liability. As the Court explained, the statute "defines forfeitable property solely in terms of personal possession or use." 137 S. Ct. at 1632. Subsection (a)(1) limits forfeiture to "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" the crime. 21 U.S.C. § 853(a)(1). To have "obtained" property, the Court said, the person must have personally acquired it; one does not obtain property acquired by someone else. 137 S. Ct. at 1632–

_____

[3] Section 982(b)(1) states, "The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of [21 U.S.C. § 853] (other than subsection (d) of that section)." 18 U.S.C. § 982(b)(1). And 21 U.S.C § 853(a) and (q) by their terms apply only to cases involving certain drug convictions. *See* 21 U.S.C. § 853(a), (q).

33. And, while the words "directly" and "indirectly" modify the word "obtained," they do not erase the statute's requirement that the person in fact obtain the property. *Id.* at 1633.

The relevant text of 18 U.S.C. § 982(a)(2) mirrors that of 21 U.S.C. § 853(a)(1). Section 982(a)(2) likewise limits forfeiture to "property constituting, or derived from, proceeds *the person obtained* directly or indirectly, as the result of" the crime. 18 U.S.C. § 982(a)(2) (emphasis added). Thus, *Honeycutt*'s interpretation of this language as permitting forfeiture only of tainted property the defendant personally acquired applies with equal force to 18 U.S.C. § 982(a)(2). *See* 137 S. Ct. at 1632–33; *cf. United States v. Sexton*, No. 17-5743, 2018 WL 3293471, at *6 (6th Cir. July 5, 2018) (describing phrase "the person obtained" in § 853(a)(1) as "the linchpin of the Supreme Court's decision in *Honeycutt*").

The *Honeycutt* Court further found that 21 U.S.C. § 853(p)—"the sole provision of § 853 that permits the Government to confiscate property untainted by the crime"—makes clear that the statute cannot permit joint and several liability. 137 S. Ct. at 1633. Subsection (p) applies only if the government can prove that the defendant frustrated efforts to recover "any property described in subsection (a)"—i.e., tainted property obtained by the defendant. 21 U.S.C. § 853(p)(1). And, upon doing so, the government may confiscate the defendant's substitute assets only "up to the value of" the unrecoverable proceeds the defendant acquired. *See id.* § 853(p)(2); *Honeycutt*, 137 S. Ct. at 1633–34. This language, the Court explained, demonstrates that "Congress did not authorize the Government to confiscate substitute property from other defendants or co-conspirators; it authorized the

8

Government to confiscate assets only from the defendant who initially acquired the property and who bears responsibility for its dissipation." 137 S. Ct. at 1634.

As mentioned above, 18 U.S.C. § 982 expressly incorporates 21 U.S.C. § 853(p), among the other procedures in § 853. *See* 18 U.S.C. § 982(b)(1); *United States v. Cox*, 575 F.3d 352, 355 n.2 (4th Cir. 2009). This fact further supports the conclusion that § 982(a)(2), like § 853(a)(1), prohibits forfeiture of proceeds that the defendant herself did not obtain.

The one other circuit that has addressed whether *Honeycutt* applies to 18 U.S.C. § 982(a)(2) has concluded that it does. The Third Circuit held that because § 982(a)(2) "shares several features with 21 U.S.C. § 853," "the reasoning of *Honeycutt* applies" equally. *United States v. Brown*, 694 F. App'x 57, 58 (3d Cir. 2017); *United States v. Brown*, 714 F. App'x 117, 118 (3d Cir. 2018); *see also United States v. Sanjar*, 876 F.3d 725, 749 (5th Cir. 2017) (holding that, given similarities between 21 U.S.C. § 853(a)(1) and 18 U.S.C. § 982(a)(7)—provision mandating forfeiture for health fraud and containing language almost identical to § 982(a)(2)—"the same analysis should apply" to both).

We also note that the Supreme Court's decision in *Honeycutt* clearly abrogated this Court's prior decision in *McHan*, which held that 21 U.S.C. § 853(a) "is *not* limited to property that the defendant acquired individually but includes all property that the defendant derived indirectly from those who acted in concert with him in furthering the criminal enterprise." 101 F.3d at 1043 (emphasis added). *McHan* had reasoned that, because § 853(o) directs courts to "liberally construe[]" § 853 "to effectuate its remedial purposes," 21 U.S.C. § 853(o), the word "indirectly" in § 853(a)—which authorizes

9

forfeiture of property "obtained, directly or indirectly," from the crime, *id.* § 853(a)(1)—extends liability to co-conspirator proceeds. *See* 101 F.3d at 1043. And, *McHan* had observed, the "imposition of vicarious liability under § 853 also resonates with established criminal law principles." *Id.* The *Honeycutt* Court rejected these arguments. It explained that § 853(o) cannot negate the statute's plain text limiting forfeiture to tainted property the defendant obtained. 137 S. Ct. at 1635 n.2. Furthermore, the Court stated, the key background principles for interpreting § 853 are those of forfeiture, not those of conspiracy liability. *Id.* at 1634. And the history of forfeiture shows that it has long been restricted to tainted property. *Id.* at 1634–35 (explaining that "[t]raditionally, forfeiture was an action against the tainted property itself," occurring "independent of, and wholly unaffected by any criminal proceeding . . . against the defendant" (internal quotation marks and citation omitted)).

For the foregoing reasons, we now hold that forfeiture under 18 U.S.C. § 982(a)(2) is limited to property the defendant acquired as a result of the crime. The statute does not permit courts to hold a defendant liable for proceeds that only her co-conspirator acquired.

Turning to the case at hand, it is clear that the district court's forfeiture orders cannot stand. The district court ordered Chittenden to forfeit $1,032,378.82 of her untainted assets as a substitute for criminal proceeds that only her co-conspirators obtained. Indeed, the court denied the government's request to take an additional $231,000 of Chittenden's untainted assets because the government had failed to show that the $231,000 Chittenden had acquired personally was unreachable. In short, none of the $1,032,378.82 represented assets that Chittenden obtained from her crimes. The entire forfeiture amount consisted of

10

property that, under 18 U.S.C. § 982(a)(2) and 21 U.S.C. § 853(p), was not subject to forfeiture and that the government lacked authority to take.

The government maintains that Chittenden has waived any argument that she is not liable for her co-conspirators' proceeds. Chittenden did concede below that over $1 million of her untainted assets were subject to forfeiture under a theory of joint and several liability. *See, e.g.*, J.A. 1861–62. She argues now, in her supplemental brief, that *Honeycutt* precludes such liability. Generally, we do not consider issues not passed upon by the district court. *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). "This rule applies with equal force when a party attempts to raise an issue for the first time after remand." *Liberty Univ., Inc. v. Lew*, 733 F.3d 72, 103 (4th Cir. 2013). But we have recognized an exception to this rule where "there has been an intervening change in the law recognizing an issue that was not previously available." *Holland*, 181 F.3d at 605–06. That exception "applies when 'there was strong precedent' prior to the change, such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." *Id.* (citing *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 142–45 (1967)); *see also Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91–92 (2d Cir. 2009) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made . . . [T]he doctrine of waiver demands conscientiousness, not clairvoyance, from parties." (internal quotation marks and citations omitted)); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007) ("The intervening-change-in-law exception to our normal waiver rules . . . exists to protect those

11

who, despite due diligence, fail to prophesy a reversal of established adverse precedent."); *United States v. Washington*, 12 F.3d 1128, 1139 (D.C. Cir. 1994) ("[I]t would be unfair, and even contrary to the efficient administration of justice, to expect a defendant to object at trial where existing law appears so clear as to foreclose any possibility of success.").

Given the circumstances of this case, the intervening-change-in-law exception undoubtedly applies. Prior to *Honeycutt*, *McHan* was settled law in the Fourth Circuit. Our decision there foreclosed any argument that the government could not hold Chittenden liable in forfeiture for proceeds that only her co-conspirators obtained. *See* 101 F.3d at 1043; *see, e.g.*, *United States v. Jalaram, Inc.*, 599 F.3d 347, 359 (4th Cir. 2010) (King, J., concurring) ("[A]s the majority acknowledges, the law in this Circuit is that coconspirators are jointly and severally liable for the reasonably foreseeable proceeds obtained by the conspiracy, regardless of the individual coconspirator's share therein. This principle is well established[.]" (citing *McHan*, 101 F.3d at 1043)); *United States v. Bollin*, 264 F.3d 391, 419 (4th Cir. 2001) ("[A]though [the defendant] received only about $30,000, he is liable in a [$1.2 million] forfeiture judgment for the foreseeable criminal conduct of his co-conspirators." (citing *McHan*, 101 F.3d at 1043)). Indeed, nearly all other circuits to address the question had similarly concluded that conspiracy liability principles applied to forfeiture. *See Honeycutt*, 137 S. Ct. at 1631 n.1 (collecting cases). Chittenden's initial concession was therefore reasonable, and even wise. We cannot fault her—or the district court—for relying on our precedent and not prophesying *Honeycutt*. Nor can we see any prejudice to the government. Both parties had an equal opportunity to brief the implications of *Honeycutt* in this Court, and both will have an opportunity to re-litigate the

forfeiture amount in the district court on remand. Accordingly, Chittenden has not waived her right to object to the district court's forfeiture orders on the ground that post-*Honeycutt* she is not liable for conspiracy proceeds she never obtained.

III.

In light of the Supreme Court's decision in *Honeycutt*, we hold that 18 U.S.C. § 982(a)(2) precludes joint and several forfeiture liability. Accordingly, we vacate the district court's forfeiture orders and remand for reassessment of the appropriate forfeiture amount per this opinion. We otherwise affirm the district court's judgment for the reasons set forth in our original opinion. *See Chittenden*, 848 F.3d 188.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*