# United States Court of Appeals
## For the First Circuit

No. 19-1361

STEPHEN A. SACCOCCIA,

Plaintiff, Appellant,

v.

UNITED STATES of America; Attorney General of the United States;
United States Attorney for the District of Rhode Island; and
Treasurer of the United States,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Thompson, Stahl, and Barron,
Circuit Judges.

J. Allen Roth for appellant.
Zachary A. Cunha, Assistant United States Attorney, with whom
Aaron L. Weisman, United States Attorney, was on brief, for
appellees.

April 2, 2020

**STAHL**, **Circuit Judge**. Plaintiff-Appellant Stephen Saccoccia, who controlled a money-laundering ring and in 1993 was ordered to forfeit over $136,000,000 in proceeds from the conspiracy, appeals the district court's dismissal of his 2018 complaint seeking vacatur of the forfeiture order and return of his forfeited property. Saccoccia's complaint, asserting various purported rights of action including, inter alia, writs of error coram nobis, audita querela, and mandamus, contends that the Supreme Court's decision in Honeycutt v. United States, 137 S. Ct. 1626 (2017), should be applied retroactively to invalidate the forfeiture judgment against him. Defendants-Appellees moved to dismiss the complaint. The district court granted the motion on the grounds that Saccoccia had failed to state a claim as to each purported avenue of relief, taking no position as to whether Honeycutt applied to Saccoccia's claims. We affirm. However, as we are free to affirm on any grounds made manifest by the record, see Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007), we adopt a reasoning different from the district court's and while we reach the Honeycutt issue, we find it not viable.

## I.   Background

We draw the facts primarily from the complaint, "accepting as true well-pleaded factual allegations and drawing all reasonable inferences" in Saccoccia's favor. SBT Holdings,

LLC v. Town of Westminster, 547 F.3d 28, 30 (1st Cir. 2008).  We may also consider facts from "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice."  Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).  Thus, we rely upon undisputed facts found by the district court at sentencing, as well as those recited by the district court in United States v. Saccoccia, 823 F. Supp. 994 (D.R.I. 1993), issuing Saccoccia's forfeiture order, and by this court in United States v. Saccoccia, 58 F.3d 754 (1st Cir. 1995), affirming his conviction, sentence and forfeiture judgments.[1]

Saccoccia formerly controlled a network of precious metals businesses located in several states, including Rhode Island.  For a period of years from the 1980s to the early 1990s, Saccoccia used these businesses to launder money on behalf of a Colombian drug cartel.  Between January 1, 1990 and April 2, 1991, Saccoccia and his wife wired $136,344,231.86 from a bank account belonging to one of Saccoccia's businesses to various Colombian and other foreign bank accounts.

---

[1] The complaint explicitly references both the district court's opinion issuing the forfeiture order and this court's affirmance of the conviction, sentence and forfeiture.  Saccoccia does not now collaterally attack, nor does his complaint set forth facts challenging factual determinations essential to his criminal conviction and sentence.

In 1991, a federal grand jury returned an indictment charging Saccoccia, his wife, and eleven associates with conspiracy under the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. § 1962(d). In 1993, following a jury trial in the United States District Court for the District of Rhode Island,[2] Saccoccia was convicted of one count of conspiracy under the RICO Act, thirty-six counts of engaging in monetary transactions with criminally derived property in violation of 18 U.S.C. § 1957, thirteen counts of money laundering in violation of 18 U.S.C. § 1956, and four counts of violations of the Travel Act, 18 U.S.C. § 1952. The district court observed at sentencing that Saccoccia personally wired some two-thirds of the nearly $137 million sent to Colombian and other foreign-based accounts and that his wife had sent the remainder at his direction. The court sentenced Saccoccia to twenty years' imprisonment on the RICO count and sentences of varying lengths on the other counts, to be served consecutively, resulting in a total sentence of 660 years.

At the forfeiture phase, the district court ordered Saccoccia to forfeit the sum of $136,344,231.86 pursuant to 18 U.S.C. § 1963(a)(3) and (m), the forfeiture and substitute asset provisions of the RICO statute. Saccoccia does not dispute on appeal that he exercised control over and oversaw distribution of

---

[2] The district court bifurcated Saccoccia's trial, separating the substantive criminal charges from the forfeiture claims.

these sums, nor does he allege any facts in his complaint that contradict the district court's finding that all of the money at issue passed through a bank account he controlled.[3]

In 1995, Saccoccia appealed his conviction, sentence and forfeiture to this court, and we affirmed each judgment. From 1995 to 2010, Saccoccia mounted a series of additional challenges to his conviction, sentence and forfeiture judgments, all of which were denied.[4] In 2018, Saccoccia applied for leave to file a successive motion under 28 U.S.C. § 2255, contending that Honeycutt imposed a per se bar on joint and several forfeiture liability and as such invalidated his forfeiture order. On March 29, 2018, this court denied the § 2255 application on the grounds that he had not made "a prima facie showing of a tenable Honeycutt claim."

On May 11, 2018, Saccoccia filed a "Verified Petition and Complaint" with the district court. In this complaint, Saccoccia again argued that Honeycutt retroactively applied to his

---

[3] This point was conceded at oral argument by Saccoccia's counsel.

[4] These included a challenge to his conviction under 28 U.S.C. § 2255, Saccoccia v. United States, 69 F. Supp. 2d 297 (D.R.I. 1999), certificate of appealability denied, 42 F. App'x 476 (1st Cir. 2002), cert. denied, 537 U.S. 1031 (2002) and 540 U.S. 974 (2003); a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), United States v. Saccoccia, No. 91-cr-115, 2004 WL 1764556 (D.R.I. Aug. 2, 2004); and a motion to modify his sentence under 18 U.S.C. § 3582, United States v. Saccoccia, No. 91-cr-115 (D.R.I. Nov. 12, 2010).

case, rendering his forfeiture judgment invalid and depriving the district court of jurisdiction to impose the forfeiture. The complaint sought relief under a series of procedural mechanisms, including requests to vacate the forfeiture under 28 U.S.C. § 1355, grant writs of error coram nobis, audita querela, and mandamus, return property pursuant to Federal Rule of Criminal Procedure 41(g), and grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, each of which requests substantively relied on the retroactive application of Honeycutt.

The government moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief could be granted. The district court granted the motion to dismiss, ruling Saccoccia had failed to state a plausible claim as to each purported procedural avenue of relief, but in doing so the court declined to rule on Honeycutt's applicability. Saccoccia v. United States, C.A. No. 18-266, 2019 WL 1382280, at *1-9 (D.R.I. Mar. 27, 2019). This timely appeal followed.

## II. Analysis

### A. Standard of Review

We review the district court's dismissal de novo. O'Brien v. Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020). In undertaking this review, we "accept[] as true well-

- 6 -

pleaded factual allegations and draw[] all reasonable inferences" in Saccoccia's favor. SBT Holdings, LLC, 547 F.3d at 30. We "set aside legal conclusions and those factual allegations 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'" Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc., 920 F.3d 111, 114 (1st Cir. 2019) (quoting In re Curran, 855 F.3d 19, 25 (1st Cir. 2017)). We "may affirm the decision below on any ground made manifest by the record." Ruiz, 496 F.3d at 5.

The parties invite us to decide a host of issues in this appeal, such as whether Saccoccia has successfully asserted a valid procedural vehicle to challenge his forfeiture judgment, whether Honeycutt is retroactive on collateral review, and whether Honeycutt applies to 18 U.S.C. § 1963(a), the RICO statute under which Saccoccia's forfeiture judgment arose. But we need not now answer these questions, as we conclude that even if we resolved them in Saccoccia's favor, Honeycutt does not apply as a matter of fact to Saccoccia's case given his control over the funds at issue.

**B. Honeycutt Does Not Preclude Liability in Saccoccia's Case**

Honeycutt concerned a low-level defendant in a criminal conspiracy who was responsible for the sale of large quantities of iodine-based water, which could be used to manufacture methamphetamines, from the hardware store he managed sales and

- 7 -

inventory for.  137 S. Ct. at 1630.  The defendant, Honeycutt, had no controlling interest in the criminal organization nor stood to personally benefit from the enterprise's criminal activity.  Id. at 1631.

After Honeycutt was indicted for various federal crimes related to the sale of the iodine water, the government sought forfeiture money judgments under 21 U.S.C. § 853(a)(1)[5] against Honeycutt in the amount of the store's profits from the illegal sales.  Id. at 1630-31.  The district court declined to enter a forfeiture judgment against Honeycutt on the ground that he had not personally received any profits from the enterprise.  Id. at 1631.  The Court of Appeals for the Sixth Circuit reversed, concluding that Honeycutt could be held jointly and severally liable under § 853(a)(1) for any proceeds from the conspiracy. Id.

The Supreme Court reversed the Sixth Circuit's decision, holding that a co-conspirator cannot be ordered to forfeit property under § 853(a)(1) based on a theory of joint and several liability where he never "actually acquired [the property] as the result of the crime."  Id. at 1635.  The Court interpreted the statute to limit forfeiture to "property the defendant himself obtained," holding that "[s]ection 853(a)'s limitation of forfeiture to

_____

[5] Forfeiture under § 853 applies to "[a]ny person" convicted of certain drug crimes.

- 8 -

tainted property acquired or used by the defendant, together with the plain text of § 853(a)(1), foreclose joint and several liability for co-conspirators." Id. at 1633. Thus, the Court determined that "[b]ecause Honeycutt never obtained tainted property as a result of the crime, § 853 does not require any forfeiture." Id. at 1635.

Saccoccia principally relies on the statement in Honeycutt that § 853(a) "foreclose[s] joint and several liability for co-conspirators" to argue that his forfeiture order is "void ab initio" under these principles and that Honeycutt provides a valid foundation for his various purported procedural avenues of relief. Id. at 1633. This argument is unavailing. While this court has yet to define the parameters of Honeycutt's applicability, we find it clear that Saccoccia's interpretation in any event neglects a critical part of Honeycutt's holding: that any bar against joint and several co-conspirator liability articulated there applies only to defendants who did not actually possess or control the funds at issue. See id. at 1630 ("[A] defendant may [not] be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire."); United States v. Tanner, 942 F.3d 60, 67-68 (2d Cir. 2019).

Here, Saccoccia does not offer any facts in his complaint to contradict the district court's findings that all of the funds

in question passed through a bank account Saccoccia controlled. Though we have not yet ruled on this issue, we agree with many of our sister courts' conclusions that where a defendant controlled the full proceeds as a result of the crime, Honeycutt does not preclude him from being held liable for the value of such funds. See, e.g., Tanner, 942 F.3d at 67-68; United States v. Potts, 765 F. App'x 638, 640 (3d Cir. 2019) (declining to apply Honeycutt where the defendant did "not rebut[] the record evidence showing that he, a co-owner of the organization, received . . . proceeds as a result of his participation in the organization"); United States v. Bane, 948 F.3d 1290, 1297-98 (11th Cir. 2020) (distinguishing the case from Honeycutt because of the defendant's position as "owner and operator" of companies involved in the enterprise); United States v. Bangiyev, 359 F. Supp. 3d 435, 440 (E.D. Va.) (concluding that a defendant "at the center of" the conspiracy could be held jointly and severally liable for the forfeiture because Honeycutt does not apply "where the defendant held a position of control in the criminal operation"), aff'd, 771 F. App'x 328 (4th Cir. 2019).

Unlike the defendant in Honeycutt, Saccoccia has "failed to prove that he was not responsible for the entire proceeds of the fraud." Bane, 948 F.3d at 1297. Further, there is in the instant case "ample evidence in the record that [Saccoccia] obtained . . . proceeds from the scheme," United States v.

Georgiou, Nos. 18-2498, 18-2762, 2020 WL 428766, at *2 (3d Cir. Jan. 28, 2020), including in particular the undisputed facts that Saccoccia controlled the bank account from which the funds at issue flowed and that he oversaw the distribution of those funds. See United States v. Jergensen, Nos. 18-642, 18-1118, 2019 WL 6587680, at *3 (2d Cir. Dec. 5, 2019) (rejecting defendants' Honeycutt argument because defendants had "approved every transfer" of the relevant monies and "thus each acquired or used the tainted funds"); SEC v. Metter, 706 F. App'x 699, 702 n.2 (2d Cir. 2017) (finding Honeycutt did not apply because the defendant "ha[d] control of [the criminal organization] . . . and thus could control the distribution of proceeds"). We thus conclude that because Saccoccia has failed to prove that his conduct falls within Honeycutt's factual ambit, Honeycutt does not preclude liability in his case.[6]

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[6] Accordingly, as earlier stated, we do not reach the question of whether Honeycutt applies retroactively or to the statute in question, 18 U.S.C. § 1963(a).