**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4268**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

JIAN-YUN DONG, a/k/a John Dong,

        Defendant – Appellant.

**No. 18-4852**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

JIAN-YUN DONG, a/k/a John Dong,

        Defendant – Appellant.

**No. 19-4359**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JIAN-YUN DONG, a/k/a John Dong,

Defendant – Appellant.

———————————

**No. 19-4511**

———————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JIAN-YUN DONG, a/k/a John Dong,

Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:11-cr-00511-BHH-1)

———————————

Submitted: January 28, 2022                    Decided: February 28, 2022
                          Amended: February 28, 2022

———————————

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:** Robert E. Barnes, BARNES LAW, Los Angeles, California, for Appellant. M. Rhett DeHart, Acting United States Attorney, Columbia, South Carolina, A. Lance Crick, Acting United States Attorney, Carrie A. Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial before United States District Judge David C. Norton in 2015, Dr. Jian-Yun Dong was convicted of conspiracy to commit offenses or to defraud the United States in violation of 18 U.S.C. § 371, theft of government property in violation of 18 U.S.C. § 641, and twenty-two counts of wire fraud in violation of 18 U.S.C. § 1343. Before sentencing, his case was transferred to United States District Judge Bruce H. Hendricks. Judge Hendricks sentenced Dr. Dong to seventy months' imprisonment and, relevant here, imposed a forfeiture money judgment in the amount of $3,211,599.38. For the reasons that follow, we affirm Dr. Dong's convictions, vacate his sentence insofar as the district court imposed the forfeiture money judgment based on a joint and several liability theory, and remand for further proceedings on that issue only.[1]

Like his corporate co-defendants, GenPhar, Inc. and Vaxima, Inc., Dr. Dong first argues that the operative Third Superseding Indictment failed to allege an offense because "using contract funds for purposes inconsistent with [the] terms and conditions of [a] grant" cannot be a crime. Opening Br. 13. We agree with the district court, however, that the various federal criminal statutes relating to fraud broadly apply to a plethora of fraud

---

[1] Because we presume the parties' and the lower court's familiarity with the facts, we dispense with a full recitation of the case's procedural posture. *See* 4th Cir. Loc. R. 36(b). For a more complete factual and procedural background, we reference our related decision in *United States v. Vaxima, et al.*, Nos. 17-4277 & 17-4278, slip op. at 3–9.

schemes, and properly encompass the conduct Dr. Dong was accused (and ultimately convicted) of here.[2]

Dr. Dong next asserts, without citation to case law, that "[e]gregious procedural deficiencies in the investigation, prosecution, trial and sentencing" occurred such that his convictions and sentence must be reversed. Opening Br. 18. He first points to alleged deficiencies in the affidavit supporting Special Agent Leonard's application for a search warrant during the investigative phase of this case. Having reviewed Special Agent Leonard's affidavit, we agree with the district court that the affidavit and resulting search warrant complied with the Fourth Amendment. *See* J.A. 149–51. Second, Dr. Dong claims that Judge Norton erred in failing to recuse himself before entering his verdict in this case. For the reasons ably explained by Judge Hendricks, *see* Supp. J.A. 1830–31, we find no error in this regard, either.

Finally, Dr. Dong asserts that the forfeiture order included in his sentence is invalid under the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which was issued just over a month after the district court entered it.[3]

---

[2] Dr. Dong also purports to adopt arguments his corporate co-defendants raised in their appeals. We will assume *arguendo* that he may do so, even though his appeal is not consolidated with those of his corporate co-defendants. In any event, after conducting a thorough review of the record and the legal arguments made in the *Vaxima* briefing, we discern no meritorious ground for vacating or reversing any of Dr. Dong's convictions.

[3] We reject Dr. Dong's other two challenges to his forfeiture order. There was a valid statutory basis for it. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). And, as we previously held, the forfeiture order did not violate Dr. Dong's alleged right to obtain the appellate counsel of his choosing. *See United States v. Dong*, 814 F. App'x 778, 778–79 (4th Cir. 2020) (per curiam) (disposing of this argument).

In *Honeycutt*, the district court held a manager of a hardware store—who had no ownership interest in it—jointly and severally liable with the store's owner for a forfeiture money judgment under 21 U.S.C. § 853(a)(1) constituting the entirety of the proceeds of a drug-related conspiracy operated through the hardware store. That statute provides:

> Any person convicted of a violation of [21 U.S.C. §§ 801–971] punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law . . . any property constituting, or derived from, any proceeds *the person obtained*, directly or indirectly, as the result of such violation[.]

21 U.S.C. § 853(a)(1) (emphasis added).

The Supreme Court unanimously held that the forfeiture order was legally invalid, because § 853(a)(1) does not permit the imposition of one under a joint and several liability theory. 137 S. Ct. at 1632–33. Instead, the Court explained, the statute demanded proof that a defendant *personally* obtained the assets being forfeited. *Id.* at 1633. In so holding, the Court found the phrase "the person obtained" significant, as it indicated that the defendant himself had to "come into possession of" or "get or acquire" the property to be forfeited. *Id.* at 1632 (citations omitted). Put differently, "[n]either the dictionary definition nor the common usage of the word 'obtain' supports the conclusion that an individual 'obtains' property that was acquired by someone else. Yet joint and several liability would mean just that[.]" *Id.*

The Court explained that two other aspects of § 853(a) were also important. First, the statute limits forfeiture only to property "derived from" the offense, i.e., that which "flow[ed] from . . . the crime itself." *Id.* That limitation, the Court explained, comports with the common law understanding that forfeiture focuses only on "tainted" property. *Id.*

6

at 1634–35. Second, the adverbs "directly or indirectly" modify how one "obtains" property, reinforcing in the Court's eyes the requirement that the *defendant* must obtain the property to be forfeited. *Id.* at 1633.

The forfeiture order in the instant case was not entered pursuant to § 853(a). Rather, it was entered pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c). The order held Dr. Dong jointly and severally liable for the entirety of the proceeds of his and his corporate co-defendants' crimes of conviction. Dr. Dong argues the order is invalid because it does not comply with *Honeycutt*'s requirement of proof that he personally obtained these assets.

In the short time since *Honeycutt* was decided, a well-defined circuit split has arisen as to whether its rule extends to § 981(a)(1)(C) forfeiture orders. That split rests primarily on textual differences between § 981(a)(1)(C) and the forfeiture statute at issue in *Honeycutt*, 21 U.S.C. § 853(a)(1). Whereas § 853(a)(1) specifically refers to proceeds "the person obtained, directly or indirectly, as the result of" the crime of conviction, § 981(a)(1)(C) only requires that the proceeds to be forfeited "constitute[] or [be] derived from proceeds traceable to" the offense of conviction.[4]

---

[4] Also of note, whereas 21 U.S.C. § 853(a) does not define the term "proceeds," 18 U.S.C. § 981(a)(2) does, and it varies based on context. In cases concerning "unlawful activities," for example, "proceeds" refers to "property of any kind obtained directly or indirectly[] as the result of the" crime of conviction. 18 U.S.C. § 981(a)(2)(A). And in cases concerning "lawful services that are . . . provided in an illegal manner," "proceeds" refers generally to "the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the . . . services." *Id.* § 981(a)(2)(B). Neither statute specifically defines the word "person."

Largely because Congress did not include the phrase "the person obtained" in § 981(a)(1)(C), the Sixth and Eighth Circuits have declined to extend *Honeycutt* to forfeiture orders issued under that statute. *See United States v. Peithman*, 917 F.3d 635, 652 (8th Cir.), *cert. denied*, 140 S. Ct. 340 (2019); *United States v. Sexton*, 894 F.3d 787, 798–99 (6th Cir.), *cert. denied*, 139 S. Ct. 415 (2018). The Third and Ninth Circuits, however, have deemed this textual difference immaterial and instead held that *Honeycutt* bars the imposition of joint and several liability under a § 981(a)(1)(C) forfeiture order. *See United States v. Thompson*, 990 F.3d 680, 689–91 (9th Cir.), *cert. denied*, 142 S. Ct. 616 (2021); *United States v. Gjeli*, 867 F.3d 418, 427–28 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 700 (2018).[5]

Other courts have found it unnecessary under the facts presented to decide the extent to which *Honeycutt* applies to forfeiture statutes other than § 853(a)(1). These cases have focused instead on whether the record showed that the defendant subject to a joint and several liability forfeiture order exhibited sufficient dominion and control over the proceeds at issue to satisfy *Honeycutt*'s rule. *See, e.g.*, *Saccoccia v. United States*, 955 F.3d 171, 175 (1st Cir. 2020) (assuming *Honeycutt* applied and affirming the forfeiture order at

---

[5] We did not, and had no occasion to, take a position on this circuit split in *United States v. Chittenden*, 896 F.3d 633 (4th Cir. 2018). *Chittenden* focused on 18 U.S.C. § 982(a)(2), the text of which "mirrors that of 21 U.S.C. § 853(a)(1)" and "limits forfeiture to 'property constituting, or derived from, proceeds *the person obtained* directly or indirectly, as the result of' the crime." 896 F.3d at 637 (quoting 18 U.S.C. § 982(a)(2)). Given the textual differences in § 981(a), as noted above, we could follow the Sixth and Eighth Circuits and hold that *Honeycutt* does not extend to § 981(a) without contradicting *Chittenden*. We are not now taking that position, however, and the foregoing is neither an implicit endorsement nor disapproval of such a holding.

8

issue because the defendant "controlled the full proceeds as a result of the crime"); *United States v. Bane*, 948 F.3d 1290, 1297–98 (11th Cir. 2020) (assuming *Honeycutt* applied and affirming forfeiture award against the owner and operator of a company that committed healthcare fraud totaling over $5.8 million because of the fact that he owned the company and was "the mastermind behind the fraud"); *United States v. Jergensen*, 797 F. App'x 4, 8 (2d Cir. 2019) (assuming *Honeycutt* applied and affirming forfeiture order against two co-executives of a company because they approved transfers from the victim's bank account to the company's account, thus constituting acquisition of those funds in satisfaction of the *Honeycutt* rule); *see also United States v. Peters*, 732 F.3d 93, 103–04 (2d Cir. 2014) (holding, under 18 U.S.C. § 982(a)(2), that an individual "indirectly" obtains proceeds through a corporation when he "so extensively controls or dominates the corporation and its assets that money paid to the corporation was effectively under the control of the individual" (cleaned up)).

Here, the district court's forfeiture money judgment against Dr. Dong is premised on joint and several liability. While we might affirm on dominion and control grounds, as in *Saccoccia*, *Bane*, and *Jergensen*, the district court made no factual findings that would enable us to do so. By way of example, both parties conceded during oral argument that the extent of Dr. Dong's ownership interest in GenPhar is unclear on the current record. Of course, the district court did not have the benefit of *Honeycutt* at the time the forfeiture order was entered and so never received the aid of argument by the parties on its application, if any, to this case. But given the lack of relevant factual findings and the overall paucity of adversarial briefing on this issue from both parties, we believe the more

9

prudent course is to vacate the forfeiture order as to Dr. Dong and remand for the district court to reconsider it in light of *Honeycutt*.

Accordingly, for the foregoing reasons, we affirm Dr. Dong's convictions *in toto*, vacate the forfeiture order entered against him, and remand for further proceedings consistent with this opinion.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*