**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1183**

---

KERRY A. FARLEY, as the Mother and Natural Guardian of M.A.F. and N.J.F.; M.T.F.; M.A.F.; N.J.F.,

　　　　　Plaintiffs - Appellants,

　　　v.

THE FAIRFAX COUNTY SCHOOL BOARD,

　　　　　Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:20-cv-01249-CMH-IDD)

---

Submitted:  March 30, 2023　　　　　　　　　　Decided:  April 26, 2023

---

Before KING, WYNN, and QUATTLEBAUM, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ON BRIEF:**  Caner Demirayak, LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C., Brooklyn, New York, for Appellants.  William B. Porter, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Kerry A. Farley and her three children, M.T.F., M.A.F., and N.J.F., appeal the district court's order dismissing their pro se complaint without prejudice for failure to exhaust their administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1482. Because the district court did not have the benefit of the Supreme Court's decision in *Luna Perez v. Sturgis Pub. Schs.*, 143 S. Ct. 859 (2023), when it dismissed the complaint, we vacate the dismissal order and remand.

Plaintiffs' complaint alleged claims under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132, 12133, and sought both injunctive relief and compensatory damages. Relying on 20 U.S.C. § 1415(l)[1] and our unpublished decision in *Z.G. ex rel. C.G. v. Pamlico Cnty. Pub. Schs. Bd. of Educ.*, 744 F. App'x 769 (4th Cir. 2018), *abrogated in part by Luna Perez*, 143 S. Ct. at 863-65, the district court determined that Plaintiffs were required to exhaust the administrative processes under the IDEA before pursuing their Rehabilitation Act and ADA claims. Because they had not done so, the district court ruled that it lacked

---

[1] Section 1415(l) of Title 20 of the United States Code provides:

Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA].

2

subject matter jurisdiction over their complaint and dismissed it. *But see K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 792 (4th Cir. 2022) ("[T]he IDEA's exhaustion requirement is not a jurisdictional requirement but a claims-processing rule.").

On appeal, Plaintiffs contend that the IDEA's exhaustion requirement does not apply to their Rehabilitation Act and ADA claims insofar as they seek compensatory damages because such relief is not available under the IDEA.[2] In *Luna Perez*, which issued after the parties completed briefing in this appeal, the Supreme Court agreed with an identical argument and held that § 1415(l) does not require exhaustion of the administrative processes under the IDEA "where a plaintiff brings a suit under another federal law for compensatory damages—a form of relief [the] IDEA does not provide." 143 S. Ct. at 864; *see id.* at 865 ("[A] suit admittedly premised on the past denial of a free and appropriate education may nonetheless proceed without exhausting [the] IDEA's administrative processes if the remedy a plaintiff seeks is not one [the] IDEA provides."). The district court's application of the IDEA's exhaustion requirement to Plaintiffs' claims seeking compensatory damages thus conflicts with *Luna Perez* and cannot be sustained.

Accordingly, we vacate the district court's dismissal order and remand for further proceedings on Plaintiffs' complaint. We deny Plaintiffs' motion asking us to direct the district court to appoint a guardian ad litem and counsel. The district court will have an

---

[2] While Plaintiffs did not make this argument below, we regularly consider new arguments on appeal related to intervening precedent, like *Luna Perez. See, e.g.*, *United States v. Cisson*, 33 F.4th 185, 191-92 (4th Cir. 2022); *United States v. Chittenden*, 896 F.3d 633, 639-40 (4th Cir. 2018).

opportunity to reconsider Plaintiffs' request for the appointment of a guardian ad litem and counsel after reviewing the record again in light of our opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.[3]

*VACATED AND REMANDED*

---

[3] We thus deny as moot Plaintiffs' motion for reasonable accommodations at oral argument.